Peter J. Toren (Cal. Bar No. 122602)
ptoren@wmclaw.com
Neesa Sethi (Cal. Bar No. 263955)
nsethi@wmclaw.com
Weisbrod Matteis & Copley PLLC
1900 M Street, NW
Suite 850
Washington, DC 20036
Telephone: (202) 499-7900
Facsimile: (202) 478-1795

*Attorneys for Plaintiff Angela L. Wilder*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Angela L. Wilder,<br><br>  Plaintiff,<br><br>  v.<br><br>CBS Corporation, CBS Television Studios, Sony Pictures Television, Sony Pictures Entertainment, RelativityREAL, LLC, Relativity Media, LLC, Tom Forman, and Holly Jacobs,<br><br>  Defendants. | Case No.: CV12-8961-SVW (RZx)<br><br>**COMPLAINT FOR:**<br><br>1. BREACH OF IMPLIED CONTRACT<br>2. BREACH OF CONFIDENCE<br>3. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>4. TORTIOUS INTERFERENCE WITH CONTRACT<br>5. TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP<br>6. UNFAIR COMPETITION<br>7. CIVIL CONSPIRACY |

Case No.
Unsaved

Plaintiff Angela L. Wilder ("Wilder"), by and through her counsel, hereby makes the following allegations against Defendants CBS Corporation and CBS Television Studios (collectively, "CBS"), Sony Pictures Entertainment and Sony Pictures Television (collectively, "Sony"), RelativityREAL, LLC, and Relativity Media, LLC (collectively, "RelativityREAL"), Holly Jacobs and Tom Forman:

## SUMMARY OF THE ACTION

1. In the entertainment industry, it is standard industry practice for writers and creators to pitch ideas for television shows to major television studios. Under that standard industry practice, it is reasonable to expect that a pitch will be kept confidential, and that, if the pitch is turned into a commercially successful television show, the creator will be reasonably compensated. This case arises out of Defendants' concerted action to subvert standard industry practice by stealing Plaintiff's pitch and making massive profits from her television show without paying her a dime.

2. Plaintiff Angela L. Wilder is an author who has made numerous television appearances and the former wife of Los Angeles Lakers legend James Worthy. She also is the mother of two daughters. Wilder, who has a degree in clinical psychology, has focused her life work on delving into the psychological and emotional aspects of intra-family dynamics *vis-a-vis* her roles as a wife and as a mother.

3. As someone who is both passionate about being a mother and experienced in the television industry, Wilder noticed and was frustrated by the fact that there was no programming on television that was dedicated to the issues and concerns of mothers. As a result, Wilder had an ambitious idea: She wanted to create a live talk show hosted by mothers in a comfortable homelike setting that would provide a supportive and nurturing forum for mothers to listen to other women like them discuss the myriad issues that mothers face in their everyday lives.

4. Wilder was confident that such a show would function as a valuable

resource and outlet to mothers like her. She also believed that, since this demographic was so large, the demand for this type of programming created enormous commercial potential.

5. With this in mind, Wilder started writing down her ideas in 2004, working a few hours a day until she finally finished a treatment in 2006 entitled, "The Mothers'Hood." In May 2006, Wilder registered her treatment with the Writers Guild of America and the United States Copyright Office.

6. Through her contacts in the industry, Wilder was able to set up a pitch meeting in December 2008 with Holly Jacobs, the Senior Vice-President of Reality and Syndication Programming at Sony. In that meeting, Wilder provided Jacobs with two copies of her treatment (the "Treatment"). Wilder and Jacobs understood, or should have understood, that Wilder's pitch and treatment were being delivered confidentially and that if the show was actually produced, Wilder would have ongoing paid roles as a writer, executive producer, and co-host.

7. After listening for approximately one hour to Wilder's entire pitch and carefully reviewing the Treatment, Jacobs purported to reject Wilder's show. Jacobs stated that she was going to "take a pass," because "stay-at-home mothers are a depressed group of people who would have absolutely no interest in watching a show about their own depressing lives." Jacobs nevertheless retained the copies of Wilder's Treatment.

8. On October 18, 2010, Defendants CBS and RelativityREAL produced and aired the first episode of "The Talk," which is a live talk show hosted by mothers in a comfortable homelike setting that focuses on the issues that mothers face in their everyday lives. On information and belief, "The Talk" was based directly on Wilder's pitch to Jacobs and on her Treatment.

9. As set forth in the Factual Allegations below, "The Talk" contains a number of striking similarities to Wilder's Treatment. Moreover, Jacobs and Sony had a close working relationship with RelativityREAL, LLC, and its Chief

Executive Officer, Tom Forman, such that Forman, his company, and CBS all had direct and easy access to Wilder's Treatment during the development stage of "The Talk."

10. But rather than credit Wilder with the idea and creation of "The Talk," CBS announced that one of its co-hosts, Sara Gilbert, created the show. Gilbert, who admittedly never desired to host a talk show, allegedly came up with the idea "while sitting in the bathtub one day."

11. On information and belief, Gilbert did not create the idea for "The Talk." Rather, Defendants acted in concert to create "The Talk" based on Wilder's original and fully developed idea, as pitched by Wilder to Jacobs and as expressed in the Treatment. Defendants further acted in concert to profit commercially from Wilder's idea without compensating Wilder.

12. As set forth below, (1) Defendant Sony breached an implied-in-fact contract with Wilder by participating in a scheme to produce Wilder's show without compensating Wilder; (2) Defendants Sony and Jacobs illegally breached confidences by receiving Wilder's pitch and Treatment in confidence and later disclosing the information without permission; (3) Defendants Jacobs, CBS, RelativityREAL, and Forman tortiously interfered with Wilder's contract with Sony; (4) all of the Defendants engaged in unfair competition under California Business and Professions Code § 17200, *et seq.*; and (5) Defendants Jacobs, CBS, RelativityREAL, and Forman conspired to tortiously interfere with Wilder's contract with Sony.

13. Accordingly, Wilder respectfully requests that the Court grant her relief as set forth in the Prayer for Relief.

I. PARTIES

14. Plaintiff Angela L. Wilder is a resident of North Carolina. She is the author and creator of the Treatment for "The Mothers'Hood."

15. Defendant CBS Television Studios is a production and distribution

company that, on information and belief, is wholly owned by CBS Corporation. CBS Television Studios' principal place of business is located in Los Angeles, California.

16. Defendant CBS Corporation also d/b/a CBS Broadcasting, Inc., is the parent of CBS Television Studios and is based in New York, New York.

17. Defendant Sony Pictures Television is a production company and content provider that is headquartered in Culver City, California.

18. Defendant Sony Pictures Entertainment is the United States-based parent company of Sony Pictures Television and also is headquartered in Culver City, California. It is the direct subsidiary of United States-based Sony Corporation of America which, in turn, is a subsidiary of Tokyo, Japan-based Sony Corporation.

19. Defendant RelativityREAL, LLC, is a joint venture that produces pilots for reality and other unscripted television shows. The company's principal place of business is located in Los Angeles, California.

20. Defendant Relativity Media, LLC, is one of the joint venture owners of RelativityREAL, LLC, and also has its principal place of business in Los Angeles, California.

21. Defendant Tom Forman is an individual who resides in Los Angeles, California. He is the other joint venturer and owner of RelativityREAL, LLC, and also serves as the company's Chief Executive Officer.

22. Holly Jacobs is an individual who resides in Los Angeles, California. She is the Senior Vice-President of Reality and Syndication Programming for Sony Television Pictures.

## II.  JURISDICTION AND VENUE

23. This Court has personal jurisdiction over Defendant CBS Television Studios under Federal Rule of Civil Procedure 4(k)(1)(a) and California's long-arm statute, C.C.P. § 410, because Defendant's principal place of business is located in Los Angeles, California.

24. This Court has personal jurisdiction over Defendant CBS Corporation under Federal Rule of Civil Procedure 4(k)(1)(a) and California's long-arm statute, C.C.P. § 410, because Defendant has continuous and systematic contacts with California and does substantial business in California, and because Defendant purposefully availed itself of the laws and courts of California by participating in the conduct set forth in this Complaint.

25. This Court has personal jurisdiction over Defendant Sony Pictures Television under Federal Rule of Civil Procedure 4(k)(1)(a) and California's long-arm statute, C.C.P. § 410, because Defendant's principal place of business is located in Culver City, California.

26. This Court has personal jurisdiction over Defendant Sony Pictures Entertainment under Federal Rule of Civil Procedure 4(k)(1)(a) and California's long-arm statute, C.C.P. § 410, because Defendant is headquartered in Culver City, California.

27. This Court has personal jurisdiction over Defendant RelativityREAL, LLC, under Federal Rule of Civil Procedure 4(k)(1)(a) and California's long-arm statute, C.C.P. § 410, because Defendant's principal place of business is located in Los Angeles, California.

28. This Court has personal jurisdiction over Defendant Relativity Media, LLC, under Federal Rule of Civil Procedure 4(k)(1)(a) and California's long-arm statute, C.C.P. § 410, because Defendant's principal place of business is located in Los Angeles, California.

29. This Court has personal jurisdiction over Defendant Tom Forman, because he resides in California.

30. This Court has personal jurisdiction over Defendant Holly Jacobs, because she resides in California.

31. This Court has subject matter jurisdiction over this matter, because the amount in controversy exceeds $75,000 and Wilder, on the one hand, and the

Complaint                                                                                       C.A. No.

Defendants, on the other, are citizens of different states. See 28 U.S.C. § 1332(a).

32. Venue is proper in this district pursuant to 28 U.S.C. § 1391. Defendants, at times pertinent to this action, transacted, and continue to transact, business within this district, and the events giving rise to Wilder's claims also occurred in this district. Moreover, Defendants and/or their registered agents reside and/or may be found in this district.

### III. FACTUAL ALLEGATIONS

#### A. Wilder Finds Success as the Author of *Powerful Mate Syndrome*.

33. Plaintiff Angela L. Wilder is an author, the ex-wife of NBA great James Worthy of the Los Angeles Lakers, and the mother of two girls in their early twenties. Her younger daughter is a junior at Columbia University, and her older daughter just graduated from Yale University.

34. Wilder, like many NBA wives, experienced several years of a whirlwind life before having her children. After the birth of her first daughter in 1990, Wilder decided it was time to settle down. She had another daughter with Worthy a few years later.

35. For Wilder, the 1990's were marked by a painful separation and divorce from her husband, on the one hand, and the wonderful yet difficult task of raising her two daughters, on the other. Wilder was convinced it was in her daughters' best interests for her to stay at home and not to become fully entrenched in the entertainment industry. Though she greatly valued the time she spent with her daughters, her sacrifice left her feeling profoundly alone.

36. To combat her loneliness and shrinking sense of identity, Wilder wrote about her experiences as the wife of James Worthy. These accounts eventually translated into the book, *Powerful Mate Syndrome: Reclaiming Your Strength and Purpose When Your Partner is the Star of the Relationship* (hereinafter *"Powerful Mate Syndrome"*), which was published in 2004. Wilder's *Powerful Mate*

Complaint                                                                                                         C.A. No.