Wilder's December 2008 Pitch Meeting to when "The Talk" show was first aired on October 18, 2010.

72. On information and belief, Jacobs provided Forman, RelativityREAL, and CBS with Wilder's Treatment and other confidential information and materials that Wilder had given to Jacobs in strict confidence. At the time, Wilder believed that Jacobs and Sony would honor their contractual and confidential duties and refrain from stealing her idea. Wilder was dead wrong.

73. Defendants Jacobs, Forman, RelativityREAL, and CBS had knowledge that Wilder had pitched her idea and given her Treatment to Sony. Based on standard industry practices, those Defendants further knew, or should have known, that (1) the pitch and Treatment were provided to Sony in confidence; (2) Wilder reasonably expected to be compensated according to reasonable industry standards to the extent that Sony, or any other entity, profited from her Treatment and ideas; and (3) a contract existed between Sony and Wilder that contained, among other terms, the requirement that Wilder be compensated reasonably for any commercial gains stemming from her Treatment and idea for the show.

74. Defendants Jacobs, Forman, RelativityREAL, and CBS willfully, maliciously, and with full knowledge, induced Sony to breach its confidences, contract, and business relationship with Wilder, to Wilder's detriment.

75. The first episode of "The Talk" was number one in 20 of the 56 markets in which it aired. It is now in its third season and is syndicated in international markets across the globe. "The Talk" has been a commercial success, and Defendants have benefited immensely from its production and global distribution.

76. Wilder has received no compensation for creating the Treatment, the idea and/or the expression of the idea on which "The Talk" was based. Wilder has suffered damages as a direct and proximate result of Defendants' conduct.

# FIRST COUNT

## (Breach of Implied Contract – Sony)

77. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 76 of this Complaint as though fully set forth herein.

78. Wilder's Treatment and related pitch for "The Mothers'Hood" is an original and novel work, idea, and expression thereof.

79. Wilder submitted her idea and Treatment to Sony through Jacobs with the object of persuading Sony and Jacobs to purchase her ideas and Treatment for commercial development.

80. Wilder, Jacobs and Sony, at all relevant times, knew that writers-creators pitch creative ideas to prospective purchasers with the object of selling those ideas for compensation.

81. Wilder, Jacobs, and Sony, at all relevant times, knew that it was standard industry practice for ideas to be pitched with the expectation of compensation in the event of use.

82. Wilder, Jacobs, and Sony expressly understood that Wilder submitted her idea with the understanding that, if the show was made, Wilder would be compensated as a writer, executive producer, and co-host of the show.

83. Sony and Jacobs accepted Wilder's Treatment and ideas by setting up the Pitch Meeting, hearing Wilder's entire pitch without interruption and keeping copies of Wilder's Treatment after the meeting.

84. Sony and Jacobs therefore accepted Wilder's Treatment and ideas when they knew or should have known that reasonable compensation was expected in the event of use.

85. Sony's acceptance of Wilder's Treatment and ideas formed an implied-in-fact contract.

86. Sony breached that contract by assisting others in producing and distributing "The Talk," a television show that was based on Wilder's Treatment and

ideas without compensating Wilder when profits were made.

87. Wilder was damaged as a direct and proximate result of Sony's breach.

## SECOND COUNT

### (Breach of Confidence – Sony, Jacobs)

88. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 87 of this Complaint as though fully set forth herein.

89. Wilder filed the treatment for "The Mothers'Hood" with the Writers Guild of America in 2006 (Registration No. 1130154). Wilder also registered the treatment with the U.S. Copyright Office on May 23, 2006 (Registration No. Pau003042024).

90. Wilder pitched her idea for "The Mothers'Hood" and her Treatment to Sony and Jacobs in confidence at the December 2008 Pitch Meeting.

91. It was standard industry practice in the entertainment industry for television studios to accept pitches and treatments for television shows in confidence.

92. Sony and Jacobs knew, or should have known, about this standard industry practice.

93. Sony and Jacobs knew, or should have known, that Wilder expected her novel pitch and ideas to be kept in strict confidence.

94. Sony and Jacobs voluntarily accepted and received Wilder's ideas and Treatment in confidence with the understanding, based on actual knowledge and knowledge of standard industry practice, that it was not to be disclosed to others.

95. Sony and Jacobs disclosed Wilder's ideas and Treatment to others who eventually produced "The Talk," which was based on Wilder's Treatment.

96. Wilder did not give permission to Sony or Jacobs to disclose her ideas or Treatment to any third party.

97. Wilder was harmed as a direct and proximate result of Sony's and Jacobs's conduct, because the show was made at the exclusion of Wilder, and

- 18 -

Complaint   C.A. No.

Wilder was never compensated.

## THIRD COUNT

### (Breach of Covenant of Good Faith and Fair Dealing - Sony)

98. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 97 of this Complaint as though fully set forth herein.

99. The contract between Wilder and Sony contained an implied covenant of good faith and fair dealing.

100. Sony breached the implied covenant of good faith and fair dealing by disseminating Wilder's novel, confidential, and valuable ideas and Treatment without compensating Wilder.

101. As a result, "The Talk" was created and distributed based on Wilder's ideas and Treatment, yet she was not compensated.

102. Wilder suffered damages as a result in an amount to be determined by standard industry practices.

## FOURTH COUNT

### (Tortious Interference with Contract – Jacobs, Forman, RelativityREAL, and CBS)

103. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 102 of this Complaint as though fully set forth herein.

104. An implied-in-fact contract existed between Wilder and Sony that included a condition that, if a show were made and distributed that was based on her original ideas and Treatment, Wilder would be compensated for her roles as writer, executive producer and co-host, according to standard industry custom.

105. Jacobs, Forman, RelativityREAL, and CBS knew, or should have known, about this contract and its condition of compensating Wilder for her work.

106. Jacobs, Forman, RelativityREAL, and CBS intended to induce Sony to breach its contract by taking Wilder's confidential and original work and exploiting it for their own gains when they produced and distributed "The Talk."

Complaint                                                                 C.A. No.

107. Sony did in fact breach its contract with Wilder as a result of the other Defendants' inducement.

108. Wilder suffered damages as a direct and proximate result of Defendants' inducement and as a result of the breach itself, because her intellectual property was taken, and she was not compensated.

### FIFTH COUNT

**(Tortious Interference with Prospective Business Relationships)**
**(Jacobs, Forman, RelativityREAL, and CBS)**

109. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 108 of this Complaint as though fully set forth herein.

110. A prospective business relationship existed between Wilder and Sony that arose when Wilder shared her pitch and Treatment in confidence with Sony. Sony potentially could have produced Wilder's show and compensated Wilder for her roles as writer, executive producer, and co-host, according to customary industry standards.

111. Jacobs, Forman, RelativityREAL, and CBS knew, or should have known, about this prospective business relationship.

112. Jacobs, Forman, RelativityREAL, and CBS intended to induce Sony to breach the prospective business relationship by taking Wilder's confidential and original work and exploiting it for their own gains when they produced and distributed "The Talk."

113. Wilder's prospective business relationship was, in fact, destroyed as a result of this litigation.

114. Wilder suffered damages as a direct and proximate result of Defendants' inducement and as a result of the breach itself, because her intellectual property was taken, and she was not compensated.

Complaint                                                                 C.A. No.

## SIXTH COUNT

**(Unfair Competition Under California Business & Professions Code Sections §17200, *et seq.* – All Defendants)**

115. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 114 of this Complaint as though fully set forth herein.

116. Defendants' conduct constitutes unfair competition under California Business & Professions Code sections 17200, *et seq.*, which imposes penalties for "any unlawful, unfair, or fraudulent business act or practice."

117. Specifically, Defendants engaged in an unfair and unlawful business practice when they stole Wilder's novel ideas and Treatment that were provided to Sony and Jacobs on a confidential basis and on condition that Wilder would be compensated in the event of use.

118. Defendants then used the Treatment, without permission from Wilder, to create the television show, "The Talk."

119. Wilder was injured as a direct and proximate result of Defendants' unlawful and unfair business practice.

## SEVENTH COUNT

**Civil Conspiracy**
**(Conspiracy to Tortiously Interfere with Contract and Prospective Business Relationships – Jacobs, Forman, RelativityREAL, and CBS)**

120. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 119 of this Complaint as though fully set forth herein.

121. Defendants Jacobs, Forman, RelativityREAL, and CBS agreed to act in concert to further the objective of tortiously interfering with Wilder's contract with Sony, as described above.

122. Jacobs wrongfully acted in furtherance of the conspiracy by disclosing Wilder's confidential information, novel ideas, and Treatment to the other Defendants without Wilder's permission.

- 21 -
Complaint                                                    C.A. No.

123. Forman, RelativityREAL, and CBS acted in furtherance of the conspiracy by taking Wilder's confidential, novel, and valuable Treatment and intellectual property and using that information to create "The Talk."

124. All of the Defendants took actions in furtherance of the conspiracy by failing to compensate Wilder in accordance with customary industry standards.

125. Wilder was harmed as a result of the conspiracy because her confidences were breached, her property was stolen, and her Treatment and ideas were used for commercial gain while she was not compensated.

## PRAYER FOR RELIEF

Wherefore, Wilder respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

126. That Defendants are jointly and severally liable;

127. That Defendants must pay all contract expectation damages to Wilder as a result of Sony's breach, including a payment amount that is commercially reasonable based on Wilder's expectation of serving in the roles of writer, executive producer, and co-host;

128. That Defendants must pay all compensatory damages to Wilder;

129. That Defendants must pay all consequential damages to Wilder;

130. That Defendants must pay all restitution damages to Wilder;

131. That Defendants must disgorge their profits to Wilder;

132. That Defendants must pay punitive damages to Wilder;

133. That Defendants must pay statutory damages and provide to Wilder any other relief available under Cal. Bus. and Prof. Code §§ 17200 *et seq.*;

134. That Wilder be awarded all costs, expenses, and attorneys' fees incurred as a result of this action;

135. That Wilder be awarded such other and further relief as this Court deems just and proper under the circumstances.

Complaint                                                                    C.A. No.

## JURY DEMAND

136. Plaintiff demands a trial by jury.

| | | |
|---|---|---|
| 1 | Dated: October 17, 2012 | Respectfully submitted, |
| 2 | | WEISBROD MATTEIS & COPLEY PLLC |
| 3 | | *[signature: Peter Toren]* |
| 4 | | Peter J. Toren (CA Bar No. 122602) |
| 5 | | ptoren@wmclaw.com |
| | | Neesa Sethi (Cal. Bar No. 263955) |
| 6 | | nsethi@wmclaw.com |
| | | Weisbrod Matteis & Copley PLLC |
| 7 | | 1900 M Street, NW, Suite 850 |
| | | Washington, DC  20036 |
| 8 | | Telephone:   (202) 499-7900 |
| | | Facsimile:   (202) 478-1795 |
| 9 | | *Attorneys for Plaintiff* |

(Line numbers 10–28 follow, blank.)

— 24 —

Complaint                                                             C.A. No.